20965

The HILTON HEAD COMPANY, INC., Appellant, v. GRAVES-REED PARTNERSHIP, Respondent.

(255 S. E. (2d) 675)

*Drew A. Laughlin,* of *Bowen, Cooper, Beard & Smoot,* Hilton Head Island, *for appellant.*

*Robert E. Stepp,* of *McNair, Konduros, Corley, Singletary & Dibble;* and *James M. Herring,* of *Corish & Smith,* Hilton Head Island, *for respondent.*

May 22, 1979.

LITTLEJOHN, Justice:

The appellant, The Hilton Head Company, Inc., brought this action against the respondent, Graves-Reed Partnership, a South Carolina partnership, in May, 1978, asking the court to enjoin Graves-Reed from ". . . further maintenance of unauthorized . . . structures . . ." on property which was owned by Graves-Reed and on which a condominium complex was being developed. The land was bought in October, 1973, by Graves-Reed from The Hilton Head Company and was subject to covenants and restrictions as follows:

"III (2) No . . . structure . . . shall be erected, placed or altered on any building plot until architectural plans, specifications, construction material and *location* have been approved in writing by The Hilton Head Company, . . .. Primary consideration in granting or refusing such approval shall be given to quality of design, workmanship and materials, harmony of external design with existing structures, and any other appropriate and reasonable considerations, with a view to the development of an attractive and convenient, commercial area of integrated design and function . . .

. . . . .

III (14) If any . . . person . . . shall violate any of the covenants . . ., any . . . person . . . owning, or having an economic interest (such as a mortgage) in, real property situated in said area or any adjacent area shall have the right to prosecute any lawful proceedings at law or in equity against the person . . . violating . . . any such covenant . . .; but neither a delay in enforcement nor a failure to enforce any one or more of said covenants shall constitute a waiver of the right to do so thereafter as to that same or any subsequent violation. . . ." (Emphasis added.)

The lower court refused the injunction, thereby permitting Graves-Reed to continue to maintain a temporary-type office building on the property. The Hilton Head Company has appealed.

It appears that upon the sale of the property, Graves-Reed employed The Hilton Head Company as exclusive sales agent for the condominiums. Graves-Reed had the building now in contest erected on the ocean-front portion of the premises in order to provide its sales agent with a self-contained, fully equipped staff office. The agency agreement came to an end in the Spring of 1976, and the sales office was then utilized by another agent. In November of 1977, the building was moved from its ocean-front location to its present site, where it is more serviceable to Graves-Reed and its new agent, but more obnoxious to The Hilton Head Company and other property owners.

The lower court held that The Hilton Head Company, by its own occupancy, provided the approval needed to circumvent the impact of the covenant. It held that The Hilton Head Company's failure to object to the building's utilization entitled Graves-Reed to continue to use it as a real estate sales office.

We are of the opinion that the lower court erred. In the covenant there was reserved to The Hilton Head Company the right to approve the location of any building. There is nothing in the record before us to warrant a holding that the company approved or acquiesced in the new, more obnoxious site so as to be guilty of laches in demanding its removal from this location. It was entitled to enforce the covenant, and the order of the lower court is reversed. The case is remanded to the lower court, where The Hilton Head Company shall be entitled to an appropriate order directing the removal of the building from the entire premises.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.